■ In the Matter of VIRGINIA LOVING, Respondent-Appellant, v. GRAHAM LOVING, JR., Appellant-Respondent.— Order, Family Court of the State of New York, New York County, entered on January 23, 1973, is unanimously modified, on the law and the facts, to increase the award for alimony to $1,500 monthly, and as so modified, the order is otherwise affirmed, without costs and without disbursements. The application for counsel fees on appeal is denied, the fee awarded in the Family Court being sufficient to cover the appeal. Although the marriage is one of short duration, and petitioner is capable of earning some income, the award directed by the Family Court was inadequate in view of the parties' prior standard of living, the respondent's financial resources, and the fact that petitioner's present earning capacity has materially decreased since the marriage was entered into. Concur — Markewich, J. P., Kupferman, Murphy, Lane and Tilzer, JJ.

■ In the Matter of G., Respondent, v. G., Appellant.— Order of the Family Court of the State of New York, New York County, entered on September 7, 1972, unanimously modified, on the law and on the facts and in the exercise of discretion, to eliminate provision for reimbursement of educational expenses at a private school, and otherwise affirmed, without costs and without disbursements. The separation agreement of October, 1961 was incorporated in a Mexican divorce decree obtained by the wife the following month. It provided for yearly support for the petitioner-respondent wife of $7,800 a year and child support of $50 per week and for extraordinary medical expenses. The defendant-appellant father voluntarily provided tuition at a private school for the boy for some six years, but refused to pay for the school years 1971–1972 and 1972–1973. The wife nonetheless sent the boy to the private elementary school over the father's protest and she paid for the 1971–1972 school year and instituted this proceeding. The father's objection was on the ground that the boy's school record was exceedingly poor, that he did not do his homework assignments, etc. The Family Court directed the father to pay because he had previously done so and because the boy had only one year to go and ought not to be separate from familiar surroundings in that remaining year. The father having since remarried and with a child of the second marriage in a public elementary school may not be compelled to pay for a valueless service not covered in the separation agreement. He has the responsibility to help make the educational decision and his conclusion that the money was not well spent was made on rational grounds. (Cf. *Matter of Roe* v. *Doe*, 36 A D 2d 162; affd. 29 N Y 2d 188.) The case of *Matter of Kotkin* v. *Kerner* (29 A D 2d 367) is not to the contrary for there the private school had a salutary effect. Concur — Stevens, P. J., Kupferman, Murphy, Steuer and Capozzoli, JJ.